**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CLARA CASTANEDA, EDGAR MARTINEZ, | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | Case No.  SA-26-CA-01516-XR |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY; STATE FARM | § | |
| LLOYDS, INC.; STATE FARM CLAIMS, A | § | |
| DIVISION OF STATE FARM LLOYDS, INC., | § | |
| C/O DALIA TORRES, ADJUSTER; HANK | § | |
| GERDES, STATE FARM SALES AGENT, | § | |
| *Defendants* | § | |

## ORDER DENYING MOTION TO REMAND

On this date, the Court considered Plaintiffs' motion to remand (ECF No. 7), Defendants'

response (ECF No. 11), and the parties' arguments at the hearing in this matter held on May 26,

2026. For the reasons stated in open court and set forth more fully herein, the motion is **DENIED**.

## BACKGROUND

This lawsuit arises out of an insurance dispute over a 2019 Dodge diesel truck, which was

stolen and converted by a mechanic's shop in January 2025. According to *pro se* Plaintiffs Clara

Castaneda and Edgar Martinez, the mechanic's shop removed several components from the

vehicle, including the crankshaft pulley, air conditioner compressor, transmission driveshaft,

transfer case, and the entire transmission. They were able to recover the vehicle and now seek

benefits under an insurance policy for damages to the vehicle.

Plaintiffs filed their Original Petition in state court in November 2025, naming State Farm

Lloyds, Inc. ("SFL"), "State Farm Claims, a Division of State Farm Lloyds, Inc. c/o Dalia Torres"

("SFC"), and "Hank Gerdes, State Farm Sales Agent" as Defendants. *See* ECF No. 1-2 at 6.

Counsel for State Farm Lloyds, Inc. notified Plaintiffs that they had sued the wrong parties, that

SFC did not exist as a legal entity, and that State Farm Mutual Automobile Insurance Company ("SFMAIC") had issued the insurance policy and adjusted the claim. *Id.* at 18.

In January 2026, Plaintiffs amended their petition to add SFMAIC as a new Defendant. *See id.* at 25. Plaintiffs assert claims against all Defendants for violations of the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), violations of the Texas Insurance Code, and breach of contract. *Id.* at 28–32.

After being served, SFMAIC removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. According to SFMAIC, this Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. *Id.* at 3. SFMAIC alleges that for diversity purposes Plaintiffs are citizens of Texas and that SFMAIC is a citizen of Illinois. *Id.* at 3–4. Although SFL and Gerdes are both admittedly citizens of Texas, SFMAIC contends that their citizenship should be disregarded because they are not proper parties under the doctrine of improper joinder. *Id.* at 4. SFMAIC asserts that the Court should also disregard SFC's citizenship because it does not exist as a legal entity and no citation was ever requested or issued as to that SFC. *See* ECF No. 1 at 2.

Plaintiffs timely moved to remand the case to state court, arguing that SFL and Gerdes were properly joined and stipulating that they are not seeking more than $75,000.00 in damages. *See* ECF Nos. 7, 10. SFMAIC opposes remand. ECF No. 11.

## DISCUSSION

### I.    Legal Standards

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S.

2

Ct. 1743, 1746 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." *Id*. Any civil action of these types that is brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## II.   Amount In Controversy

In the operative pleading, Plaintiffs "seek monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." ECF No. 1-2 at 26. When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Greenberg*, 134 F.3d 1250 at 1253. The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition

for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal.").

Plaintiffs made a pre-litigation demand to SFMAIC for the sum of $50,000 for actual damages and mental anguish. *See* ECF No. 1-3 at 5. As Plaintiffs also seek to recover treble damages for intentional violations of the DTPA and attorneys' fees, *see* ECF No. 1-2 at 32, Plaintiffs' potential recovery exceeds the jurisdictional threshold. *See Salas v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-24-CV-01238-XR, 2025 WL 657964, at *2 (W.D. Tex. Jan. 2, 2025) (explaining that the amount in controversy includes treble damages, interest, and attorneys' fees).

Because jurisdiction is fixed at the time of removal, Plaintiffs' post-removal stipulation that they are seeking less than $75,000.00, ECF No. 10, does not deprive the Court of subject matter jurisdiction. *Gebbia*, 233 F.3d at 883 ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal.").

### III.    Improper Joinder

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against an in-

state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17-CV-512-DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the

statements were made, and explain why the statements were fraudulent." *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### A.    Breach of Contract

SFMAIC attached a copy of Martinez's Policy to the Notice of Removal, ECF No. 1-4 at 2, which demonstrates that SFMAIC issued the Policy. Because SFL and Gerdes have no contractual relationship with Plaintiffs under the Policy and SFC does not exist as a separate legal entity, they cannot be held liable for breaching its provisions. *Mullins v. TestAmerica, Inc.*, 564

F.3d 386, 418 (5th Cir. 2009) (a claim for breach of contract requires, inter alia, "breach of the contract *by the defendant*" (emphasis added)). Accordingly, Plaintiffs have not stated a plausible breach-of-contract claim against SFL, SFC, or Gerdes.

### B.        Statutory Claims

Plaintiffs' claims for misrepresentation under Chapter 541 of the Texas Insurance Code and the DTPA ultimately fail because they do not satisfy the heightened pleading requirements under Rule 9(b). *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Plaintiffs have failed to properly allege a misrepresentation or that SFL and Gerdes left out any material facts in their affirmative representations to Plaintiffs.

Texas courts have acknowledged that a sales agent may be individually liable when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). The Fifth Circuit has also recognized that under the Texas DTPA, "a sales agent may be individually liable when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages." *Griggs*, 181 F.3d at 701.

But Plaintiffs do not identify any such misrepresentation in the operative pleading, let alone who made this representation, or how, when, or where the representation was made. *See generally* ECF No. 1-2 at 25–32; *Williams,* 112 F.3d at 177; *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. 4:09-CV-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009) ("Plaintiffs must put defendants on fair notice of the allegations against them; not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions").

Even if Plaintiffs had included more specific factual support for their claims under the

Insurance Code and the DTPA, "[a]bsent some specific misrepresentation of its terms of coverage by the insurer, the insured's mistaken belief that he is obtaining coverage under certain contingencies which are not in fact covered under an insurance policy is not generally grounds for a DTPA claim against the insurer." *State Farm Cnty. Mut. Ins. Co. v. Moran*, 809 S.W.2d 613, 620–21 (Tex. App.—Corpus Christi 1991, writ denied) (where the court held State Farm's representation that the insured had "full coverage" was not a specific misrepresentation of the terms of coverage even though the insured did not have full coverage).

Accordingly, Plaintiff's statutory claims must be dismissed for failing to satisfy the pleading requirements of Rule 9(b).

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion for remand (ECF No. 7) is **DENIED**.

The Court concludes that Defendants SFL, SFC, and Hank are improperly joined. Thus, the Court will disregard their citizenship and exercise subject matter jurisdiction over SFMAIC.

All claims against Defendants State Farm Lloyds, Inc., "State Farm Claims, a Division of State Farm Lloyds, Inc. c/o Dalia Torres," and Hank Gerdes are hereby **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

**SIGNED** this 28th day of May, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

8